ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

11/16/2015 at 04:51:00 PM

Clerk of the Superior Court
By Veronica Navarro,Deputy Clerk

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
sweerasuriya@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO
LIMITED JURISDICTION

| | |
|---|---|
| SONIA VENEGAS,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.   37-2015-00038842-CL-NP-NC<br><br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Federal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, SONIA VENEGAS ("Plaintiff"), is a natural person residing in San Diego County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

1. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

2. On or about February, 2015, Defendant attempted to collect an alleged debt for a Credit One Bank account from Plaintiff. Plaintiff does not believe that she owes the amount of the debt in question.

3. Plaintiff talked to Defendant on numerous occasions, and at no point did Defendant identify itself as a debt collector or the contact as an attempt to collect a debt.

4. On August 7, 2015, Plaintiff's counsel sent a notice of representation and request for validation of the debt to Defendant. Defendant has failed to respond to that request at this time.

5. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

   c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f);

   d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

   e) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

   f) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

   g) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

   h) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11)).

6. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference all of the preceding paragraphs.

8. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 16th day of November, 2015.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff